IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VANESSA R. BALL, | ) |
| | ) CIVIL ACT. NO.  2:14cv938-WKW |
| Plaintiff, | )           LEAD CASE |
| | )         MEMBER CASES |
| v. | ) CIVIL ACT. NO.  2:14cv939-WKW |
| | ) CIVIL ACT. NO.  2:14cv940-WKW |
| UNITED STATES OF AMERICA, | ) CIVIL ACT. NO.  2:14cv941-WKW |
| | ) CIVIL ACT. NO.  2:14cv942-WKW |
| Defendant. | ) CIVIL ACT. NO.  2:14cv943-WKW |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

The *pro se* plaintiff, Vanessa R. Ball ("Ball"), purports to bring conspiracy, defamation, harassment and retaliation claims against former co-workers and supervisors at the Federal Bureau of Investigation, in Montgomery, Alabama.  She names as defendants former co-workers Kimberly Hester and Lauren Head, former supervisors Sharon Ormsby and Margaret Faulkner, investigator Larry Willis and hearing officer Candice Will.

The plaintiff filed a separate lawsuit against each defendant in the Circuit Court of Montgomery County, Alabama. Pursuant to 28 U.S.C. § 1442(a)(1), the United States removed the cases to this court, and certified that the defendants were acting within the scope of their employment with the Federal Bureau of Investigation.  On September 8, 2014, pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted as the named defendant in each case. The court consolidated these cases on September 26, 2014.  (Doc. # 6).  The court has jurisdiction of the plaintiff's claims pursuant  to its federal question jurisdiction, 28 U.S.C. §

1331, and the jurisdictional grant in 28 U.S.C. § 1346(b) for federal tort claims. Now pending before the court are the defendant's motions to dismiss in the lead and member cases (docs. ## 2, 2, 2, 4, 3, & 3) filed on September 9, 2014. The plaintiff has filed responses to the motions to dismiss. After careful review of the motions and the plaintiff's responses, the court concludes that the motions to dismiss are due to be granted.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can

prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010). A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F.3d at 1369.

### III.  FACTS[1]

Construing Ball's complaints liberally in light of her *pro se* status, and relying on her description of the facts,[2] the pertinent facts are as follows. After working for the Federal Bureau of Investigation ("FBI") for twenty-five years, plaintiff Vanessa Ball was suspended without pay on February 29, 2012. On August 16, 2012, she was terminated from her employment for placing a recording device in the office of a co-worker, copying documents she found by searching a co-worker's office and lying to investigators. Ball challenged her termination, and after a hearing, she was fired.

Ball filed six lawsuits against individuals in the Montgomery office of the FBI in the Circuit Court of Montgomery County accusing them of conspiracy to retaliate and discriminate against her. In the first action, Ball accuses former co-worker Kimberly Hester of making false statements. Specifically, according to Ball, Hester lied about Ball placing a recording device

---

[1] At this stage of the proceedings, for purposes of ruling on the motions to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn there from are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

[2] The plaintiff filed six separate complaints in state court which have been consolidated in this court. The court has gleaned the basic facts from the various allegations contained in the separate complaints.

near Sharon Ormsby's office when Ormsby was Ball's supervisor.[3] Ball also accuses Hester of falsely stating that she saw Ball take documents from Ormsby's briefcase and make copies. Because Ball was terminated as the result of the accusations, Ball alleges claims of defamation, conspiracy and retaliation based on Hester's actions.

Ball accuses her former supervisor Margaret Faulkner of retaliation because Ball filed a claim of race discrimination against Faulkner. According to Ball, Faulkner conspired with defendant Sharon Ormsby, another former supervisor, to retaliate against her by making defamatory statements about her. Ball also accuses Ormsby of discrimination and interfering with a promotion.

Ball also accuses former co-worker Lauren Head of making false reports against her during the investigation that led to her termination. According to Ball, Head was part of the conspiracy to retaliate against her.

Ball also alleges that Regional EEO investigator Larry Willis acted outside the scope of his employment as an investigator to support the conspiracy by "fabricating the truth under oath."

Finally, Ball accuses the hearing officer Candace Will of negligently and wrongly making the termination decision based on "unsubstantiated claims and biased investigation."

Pursuant to 28 U.S.C. § 2679(d)(2), the United States is the sole named defendant in each case.

---

[3] Ormsby was Ball's supervisor from 1999 until 2005.

## IV.  DISCUSSION

The United States asserts that, pursuant to FED.R.CIV.P. 12(b)(1), this court lacks subject matter jurisdiction over Ball's Federal Tort Claims Act ("FTCA") claims because she has failed to exhaust her claims as required by the FTCA.  *See* 28 U.S.C. § 1346(b)(1).  It further alleges that because the FCTA does not waive sovereign immunity for defamation or slander claims, those claims are due to be dismissed.  To the extent that Ball alleges a conspiracy to terminate her from the FBI, the United States contends that the Civil Service Reform Act, 5 U.S.C. § 7513(b), provides the exclusive remedy for those claims.  Finally, the United States argues that any claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., are due to be dismissed because the plaintiff has not sued her former employer, the Federal Bureau of Investigation.  The plaintiff's pleadings are not a model of clarity, and thus, it is difficult to describe her claims in any coherent fashion.  Nonetheless, the court will address the merits of the claims it can discern from her complaints.

### A.    Exhaustion Requirement for Federal Tort Claim Act Claims

The law is well-established that the United States, as sovereign, is absolutely immune from suit unless it consents to be sued.  *United States v. Sherwood*, 312 U.S. 589, 586 (1941).  Thus, the plaintiff's FTCA claims against the United States are barred by the doctrine of sovereign immunity except as to those tort claims for which Congress waived sovereign immunity and granted consent for the United States to be sued.

Because the United States has been substituted as a party defendant with respect to the

6

tort claims, Ball's exclusive remedy against the individual defendants is pursuant to the FTCA. *See* 28 U.S.C. § 2679.[4] Under the FTCA, Congress waived sovereign immunity and granted consent for the United States to be sued for acts committed by any "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, a prerequisite to filing suit is that "[a]n action shall not be instituted . . . unless the claimant [has] first presented the claim to the appropriate Federal agency and [her] claim [has] been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008). *See also Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006); *Pompey v. Coad*, 314 F.App'x. 176, 179 (11th Cir. 2008) ("A claimant under the FTCA, however, must meet certain exhaustion requirements before a federal court may exercise jurisdiction over a suit under the FTCA, including presentation of a claim to the appropriate agency and denial of the claim by the agency."). This administrative prerequisite is jurisdictional and cannot be waived. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002) (administrative notice requirement is jurisdictional and not subject to waiver); *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984) (same).

---

[4] Title 28 U.S.C. § 2679(b)(1) provides, in pertinent part, as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

On September 26, 2014, the court directed the plaintiff to show cause why the United States' motions to dismiss should not be granted. In response, the plaintiff reiterates her claims against the individual defendants and objects to the removal of the cases to this court, but she does not dispute the government's contention that she has failed to exhaust her administrative remedies. She does not allege that she filed an administrative claim with the appropriate authorities. Ball has not sufficiently established that she has satisfied the jurisdictional prerequisite for this court to exercise jurisdiction over her claims. *See Lykins*, 725 F.2d at 647 (a plaintiff must provide proof that she satisfied the jurisdictional requirements to institute suit against the government). *See also Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency."). Therefore, the court concludes that Ball has failed to exhaust her administrative remedies and that the government's motions to dismiss with respect to Ball's FTCA claims should be granted.

**B.     Slander and Defamation Claims excepted from FTCA**

The United States also argues that Ball's defamation, slander and damage to reputation claims are due to be dismissed pursuant to FED.R.CIV.P. 12(b)(1) because her claims are barred by the "intentional torts exception" to the FTCA, 28 U.S.C. § 2680(h). *See Millbrook v. United States*, 133 S.Ct. 1441 (2013) ("We have referred to § 2680(h) as the "intentional tort exception.") While the FTCA waives the United States government's sovereign immunity from suit in federal courts for certain tort claims arising from the actions of its employees, there are

8

several explicit exceptions to this waiver of sovereign immunity, including an exception for intentional torts which encompass libel and slander. *Cadman v. United States*, 541 F.App'x. 911, 913-14 (11th Cir. 2013) (No. 12-16590). That exception provides that the Government is not liable for

> "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; . . .

28 U.S.C. § 2680(h).

Clearly, Ball's claims of defamation, slander and damage to reputation claims fall within this exception. *See Smith v. Sec., U.S. Dep't of Commerce*, 495 F.App'x. 10, 12 (11th Cir. 2012) ("The FTCA specifically states that it does not waive the United States' sovereign immunity for claims arising out of libel and slander.") "If one of the exceptions [of the FTCA] applies, the bar of sovereign immunity applies." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 485 (2006). Thus, these claims are barred by the FTCA, and are due to be dismissed.

**C.    Preemption of Conspiracy and Termination Claims by the Civil Service Reform Act**

The United States next argues that this court lacks subject matter jurisdiction over the plaintiff's claims because the Civil Service Reform Act ("CSRA") provides exclusive jurisdiction over this matter. *See* 5 U.S.C. § 7513.

> We have recognized that the CSRA "comprehensively overhauled the civil service system," creating an elaborate "new framework for evaluating adverse personnel actions against [federal employees]." It prescribes in great detail the protections and remedies applicable to such action, including the availability of

9

administrative and judicial review.

*United States v. Fausto*, 484 U.S. 439, 443 (1988) (internal citations omitted).

To the extent that the plaintiff is alleging a conspiracy precipitated her termination, her conspiracy claim is preempted by the CSRA. *See Hendrix v. Snow*, 170 F.App'x 68, 81 (11th Cir. 2006) (conspiracy claim pursuant to 42 U.S.C. § 1985 "challenging her employer's personnel decisions was preempted by the CSRA.").

To the extent that Ball's complaints can be construed as raising a termination claim, she must proceed under the CSRA, and this court does not have jurisdiction to entertain her termination claim. *See Elgin v. Dep't of the Treasury*, 132 S.Ct. 2126, 2136 (2012) (holding that CSRA is exclusive remedy for federal employees to challenge termination actions). *See also Smith*, 495 F.App'x at 11-12 (same); *Pinson v. Rumsfeld*, 192 F.App'x 811, 817 (11th Cir. 2006) ("Generally, a federal employee seeking review of certain adverse employment actions, or those employment actions in conjunction with [her] discrimination claims, must proceed under the rules and regulations enacted pursuant to the CSRA."). Any conspiracy and/or termination claims are due to be dismissed because the court lacks jurisdiction over them.

### D. Termination claims pursuant to Title VII

The United States asserts that, to the extent that the plaintiff's complaints can be construed to raise Title VII claims, these claims should be dismissed because Title VII claims cannot be maintained against individuals. Ball is adamant in her responses to the defendant's motions to dismiss that her claims are against the individual defendants, and not against her

employer.

The law is clear that Title VII discrimination and retaliation claims may not be maintained against individual employees. *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). *See also*, *e.g., Shotz v. City of Plantation*, 344 F.3d 1161, 1174 n.20 (11th Cir. 2003) (noting that Title VII does not provide a remedy against individual defendants); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (noting that individuals cannot be held liable under Title VII). "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Because the plaintiff cannot bring Title VII claims against the individual defendants, and she has not named her employer in any claim, any Title VII discrimination or retaliation claims alleged in her complaints are due to be dismissed.

## V.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motions to dismiss be GRANTED and the plaintiff's complaints against the United States be DISMISSED for lack of subject matter jurisdiction.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 12, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of February, 2015.

       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE